## ROBINSON v TAPLIN-RICE-CLERKIN CO

Ohio Appeals, 9th Dist. Summit Co

No 1574. Decided Feb. 1, 1929

McCuskey & Cotton, Akron, for Robinson. Motz & Morris, Cuyahoga Falls, for Taplin-Rice-Clerkin Co.

FUNK, J.

Counsel for defendant rely upon three errors for a reversal of the judgment:

First, error in the admission of evidence, showing the conversation between the parties prior to the signing of the written contract.

The record discloses, on page 34, that counsel for both parties agreed that evidence could be taken as to conversation between defendant and plaintiff's representative prior to the signing of the written contract. It is claimed by counsel for defendant that this agreement pertained only to what was said about the heating pipes. However, we find, on the same page of the record, that counsel for defendant asked defendant "to give the conversation at the time the contract was signed," without any limitation as to pipes. Again on page 36 of the record, counsel for defendant asked defendant this question: "Was there any thing said between you and Mr. Clerkin, or between you and any other representative of the Taplin-Rice-Clerkin Co., prior to the signing of the contract, concerning the building of the wall around the furnace?" Other similar questions were asked of defendant by his counsel concerning said wall and iron smoke flue extension.

Counsel for defendant having himself first opened the door and gone into the conversation between defendant and representative of plaintiff, prior to the signing of the contract, without limitation, cannot complain when the opposing party goes into the same conversation and gives his version as to what was said. This rule is fundamental and no doubt well recognized by counsel on both sides. Under this state of the record we find no error in the admission of such evidence.

Second, as to the error claimed concerning side comments made by a representative of plaintiff during the trial and within the hearing of the jury.

As pointed out during the oral argument, the record does not disclose what was said, and we therefore cannot say whether or not it was prejudicial, although the trial court said that such comments were objectionable and insisted upon the person discontinuing the same. Moreover, the fact that such representative of plaintiff had to be told to stop doing something which was improper for him to do, might have been as much or more prejudicial to such party than what he may have said; and what was said might have caused the jury to be prejudiced against plaintiff rather than against defendant. We therefore find no error in this particular.

Third, it is contended the verdict and judgment could not be for the full amount, because all the material was not furnished and all the work was not completed, and that the judgment was therefore "illegal, contrary to law and against the uncontradicted weight of the evidence."

The rule is well settled in Ohio that a contractor may recover the agreed price for labor and materials furnished by proving a substantial compliance with the terms of the contract on his part to be performed, less any damage or expense to the owner by reason of failure to strictly comply with the agreement, but that technical or unimportant ommissions will not defeat a recovery.

**39 OS. 1, Kane v. Stone Co.**
**37 OS. 49, Mehurin v. Stone.**
**26 OS. 101, Goldsmith v. Hand.**

All the evidence is to the effect that the capacity of the furnace is such as would heat the building according to the contract, if there were a proper smoke flue, vent flue and a fan, but that with the flues as they were at the time the furnace was installed and without a wall around the furnace, it would not heat the building satisfactorily. It is not claimed that plaintiff was to furnish or construct either flue, although there is much conflict as to the height of the flues and what the agreement called for about its size and height, and what, if anything, was said about a fan prior to the signing of the contract, and whether or not a fan was to be put in and who was to furnish it, as there is nothing in the written part of the contract about a fan.

There is evidence in this case, if believed by the jury, to show that the insufficiency of the smoke and vent flues and the absence of the wall around the furnace and a proper fan, were the real causes of the failure of the furnace to heat the building satisfactorily and that defendant was to furnish proper flues and a fan, if necessary, which he did not do. There is also evidence to show that defendant was to construct a certain wall near the furnace, which he did not do, and that plaintiff could not install a particular heating pipe and register until such wall was constructed, and that plaintiff had installed the furnace, furnished all the material and done all the work that could be done until such wall was constructed, and that plaintiff stood ready

and willing to furnish and install such pipe and register at any time defendant constructed said wall.

Of course, if the jury found it to be true that plaintiff could not put in the heating pipe and register until the wall near the furnace was constructed, and that such wall was to be constructed by defendant and that he did not do so, and that if the furnace did not heat the building because of defective smoke and vent flues and that defendant was to furnish proper flues and a fan if one should be found necessary, and defendant did not furnish such flues, according to the agreement, and a proper fan, so that what was not done to fully complete the contract on the part of the plaintiff was prevented from being done by the fault of the defendant, then under the record in this case the failure of the plaintiff to furnish and install the small amount of heating pipe and register could not defeat plaintiff's right to recover.

From our examination of the record and pleadings and the theory upon which this case was tried, we are of the opinion that the evidence in this case is such as to fully warrant such finding, to wit, that the contract had been substantially complied with on the part of plaintiff, that what remained to be done to fully complete the contract was small and unimportant, and that what was not done was prevented from being done by the fault of the defendant.

We therefore cannot say that the verdict and judgment are contrary to law and the manifest weight of the evidence.

Finding no prejudicial error, the judgment will be affirmed.

Washburn, PJ, and Pardee, J, concur.